(November 7, 1914.)

JOHN R. KENNEDY, Respondent, v. JESSE B. TUTTLE, THE HOME LAND CO., HESTER A. DAVIS et al., Appellants.

[144 Pac. 336.]

TITLE TO LAND—ACTION TO QUIET—SUFFICIENCY OF EVIDENCE.

    1. The evidence *held* sufficient to sustain the findings of the court.

APPEAL from the District Court of the Third Judicial District for Ada County. Hon. Carl A. Davis, Judge.

Action to quiet title to certain islands in Boise river. Judgment quieting title to part of the land involved in favor of plaintiff and a part of the land in favor of some of the defendants. Judgment *affirmed.*

B. S. Crow, C. S. Hunter, Richards & Haga, Hawley, Puckett & Hawley, for Appellants.

Milton G. Cage and Frawley & Block, for Respondent.

SULLIVAN, C. J.—This action was commenced by the plaintiff to quiet title to a tract of land situated in sections 4 and 5 of township 2 north, range 2 east, and sec. 32 of township 4 north, range 2 east, said tract consisting of islands in Boise river and embracing a portion of what was officially surveyed by the government on October 31, 1868, and thereafter officially platted as lot 17. Said lot 17 as officially surveyed and platted was situated in section 5 of said township 3.

The appellants were made defendants by reason of their claiming some right or interest in and to said land. They answered, setting up their interest, and it appears therefrom that the Home Land Company claims some rights under contract with the appellant Davis, and that appellant Tuttle claims under a squatter's homestead right, alleging that said land is unsurveyed, a part of the public domain and subject to settlement by a homesteader. There were other defendants who disclaimed any interest in said land.

The court by its judgment quieted title to a portion of said land in the respondent Kennedy and to a part in Hester A. Davis and the Home Land Company, and decreed that appellant Tuttle had no right or interest in and to any portion of said land. The appeal is from the judgment.

Several errors were assigned which are to the effect that the court erred in finding that appellant Davis was not entitled to all of the land described in her cross-complaint, and in finding that any portion of the land claimed had accreted to lot 17 in sec. 5, and in finding that the boundary of lots 4 and 5 of sec. 4 and lot 17 of sec. 5 was not the section line, and in not finding that the middle of the stream was the boundary line between said lots.

The evidence consists of about 400 typewritten pages, besides numerous exhibits.

It appears that the islands involved have been greatly changed since the survey of 1868, and the main channel of the river has also changed, and the questions of accretion and reliction are presented by counsel in their briefs as bearing upon the decision in this case under the evidence. After an examination of the evidence and the findings of the court, we are satisfied that the evidence sustains the findings of the court and that the court did not err in its findings of fact, conclusions of law and judgment.

Finding no reversible error in the record, the judgment must be affirmed, and it is so ordered, with costs in favor of the respondent.

Truitt, J., concurs.